IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RANDELL RENFROW and** | § | |
| **JUDY RENFROW,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3132-L** |
| | § | |
| **CTX MORTGAGE COMPANY, LLC and** | § | |
| **CITIMORTGAGE, INC.** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant CTX Mortgage Company, LLC's Motion to Dismiss, filed

December 9, 2011, and Defendant CitiMortgage, Inc.'s Motion to Dismiss, filed December 16, 2011.

Plaintiffs only filed a response to Defendant CitiMortgage, Inc.'s Motion to Dismiss.  After carefully

reviewing the motions, response, pleadings, and applicable law, the court **grants in part** and **denies**

**in part** Defendant CTX Mortgage Company, LLC's Motion to Dismiss and Defendant

CitiMortgage, Inc.'s Motion to Dismiss.

**I.      Factual and Procedural Background**

On November 1, 2011, Randell Renfrow and Judy Renfrow ("Plaintiffs") filed Plaintiffs'

Original [sic] Verified Original Petition and Application for Temporary Restraining Order, and

Request for Disclosure (the "Petition") in the 68th Judicial District, Dallas County, Texas.

Defendant CTX Mortgage Company, LLC ("CTX") removed the case to this court on November

14, 2011, based on federal question and diversity jurisdiction.  Defendant CitiMortgage, Inc. ("Citi")

consented in writing to the removal.  This court has supplemental jurisdiction over Plaintiffs' state

law claims for breach of contract, fraud, and intentional misrepresentation because the state law claims form part of the same case or controversy as the claims arising under federal law. *See* 28 U.S.C. § 1367(a).

Plaintiffs' claims stem from Citi's initiation of foreclosure proceedings on their home, located at 3637 Pallos Verdas Drive, Dallas, Texas 75229 (the "Property"). On July 14, 2005, Plaintiffs obtained a first loan in the amount of $180,800 from CTX, evidenced by a note of the same date, payable to CTX. As security for the note, on or about July 14, 2005, Plaintiffs executed a deed of trust ("Deed of Trust") pursuant to which Plaintiffs granted a lien against the Property. That same day, Plaintiffs also obtained a second loan in the amount of $45,200 (the first and second loans are hereinafter referred to as the "Loans"). Brian Mitchell ("Mitchell"), a mortgage broker for CTX, worked with Plaintiffs to get the Loans approved. Plaintiffs contend that Mitchell initially represented that they were approved for a thirty-year mortgage loan with 6% fixed interest but later, around the time of closing, explained that Plaintiffs could only be approved for an 80/20 loan: the first mortgage would have an adjustable interest rate starting at 6%, and the second mortgage would have a fixed interest rate of 8.625%. Some time after the closing, CTX transferred the Loans to Citi. Plaintiffs made timely payments until 2010. Plaintiffs contacted Citi for a modification of the Loans. On May 26, 2011, Citi modified the Loans and reduced the interest rate to 4.75%. Plaintiffs fell behind on their mortgage, however, and Citi initiated foreclosure proceedings. On October 13, 2011, Plaintiffs sent "Qualified Written Requests" and "Dispute of Debt" to Citi. On October 21, 2011, Citi responded with a letter acknowledging Plaintiffs' qualified written requests. On October 24, 2011, Citi provided Plaintiffs the note and deed of trust for the second mortgage, but did not provide Plaintiffs with the requested information regarding the first mortgage.

**Memorandum Opinion and Order – Page 2**

## II.     Legal Standard for Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

III.     **Analysis**

Plaintiffs' Petition states that Defendants are liable for violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"); Regulation Z, 12 C.F.R. pt 226; the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639 ("HOEPA"); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691e ("ECOA"), as well as for state law claims for fraud, intentional misrepresentation, and breach of contract. Plaintiffs also assert a claim for "predatory lending."

A.     **Plaintiffs' Claims for Violations of TILA and Regulation Z**

Plaintiffs allege that Defendants violated TILA by failing to provide them with disclosures and by failing to comply with procedures required by TILA and Regulation Z, which was promulgated to implement TILA. Defendants assert that Plaintiffs' claims under TILA and Regulation Z are time-barred. TILA sets forth a one-year statute of limitations for an alleged failure to meet disclosure requirements that begins to run at the closing or upon execution of the loan agreement. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) ("The violation occurs when the transaction is consummated.") (citation and internal quotation marks omitted). According to the Petition, the Loans were executed on July 14, 2005. Thus, that is the date the transactions were consummated and the limitations period began. Plaintiffs' suit for monetary damages under TILA, was initiated on November 1, 2011, more than six years after the loan transaction. Thus, Plaintiffs' claim for monetary damages under TILA is time-barred. "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Moor*, 784

F.2d at 633.  Thus, Plaintiffs' allegations that they have an "ongoing right to rescind the transaction until receipt of all 'material' disclosures pursuant to TILA and Regulation Z" (*see* Pet. ¶ 40) are invalid.

Plaintiffs assert that their claims under TILA and Regulation Z are timely because the doctrine of equitable tolling applies.  Plaintiffs state that they relied on representations made by Defendant CTX's Mortgage Broker, Mitchell,  to their detriment, as well as the promises made by Mitchell that the Loans were in their best interests.  Plaintiffs contend that Mitchell fraudulently concealed the terms of the Loans.  Plaintiffs also state that they could not reasonably have known or have been aware that CTX made misrepresentations and could not have reasonably known that CTX and its agents did not provide all the required disclosures.  Plaintiffs assert that they did not discover the fraudulent concealment, misrepresentations, and disclosure violations until after the statute of limitations had expired and that they exercised diligence in investigating and bringing their claims.

The limitations period under TILA may be tolled under certain circumstances.  "To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct."  *Moor*, 784 F.2d at 633.   In *Moor*, the court recognized the general applicability of the fraudulent concealment doctrine but refused to apply it where the defendant simply failed to disclose the required information.   Thus, a mere nondisclosure does not provide sufficient grounds for tolling the statute of limitations.  In the case *sub judice*, Plaintiffs contend that the allegations in their Petition support their proposition that Defendant CTX and Mortgage Broker Mitchell actively misled them respecting the facts pertaining to their cause of action.

The court notes that Plaintiffs raise equitable tolling for the first time in response to Defendant Citi's Motion to Dismiss. Allegations outside of the Petition may not be considered by the court. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991), *cert. denied*, 502 U.S. 1030 (1992) (court must look only at the pleadings in determining motion to dismiss). In resolving a Rule 12(b)(6) motion, the court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann*, 556 F.2d at 293. While Plaintiffs allege facts that may demonstrate concealment on behalf of Defendants (*see* Pet. ¶¶ 18-49), such facts only show the possibility of wrongdoing on the part of Defendants, and therefore the allegations fail to meet the plausibility test of *Twombly* and *Iqbal*. Plaintiffs allegations are insufficient for the court to determine whether equitable tolling is warranted. Plaintiffs have requested leave to amend their Petition. The court determines that Plaintiffs should be allowed amend their Petition to specify the bases of their entitlement to equitable tolling as set forth in *Moor v. Travelers Insurance Company*. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A scheduling order has not been issued in this case, and thus a deadline for amendment of pleadings is not in effect. Plaintiffs have not previously amended their pleadings. The court can think of no undue prejudice or delay that would occur to Defendants by the amendment of Plaintiffs' Petition to properly allege the bases of their entitlement to equitable tolling. The court therefore **determines** that under the liberal standards of Rule 15, Plaintiffs' request to amend their Petition with respect to the issue of the equitable tolling of their claims for damages under TILA and Regulation Z should be granted.

CTX further asserts that Plaintiffs have only made conclusory assertions with respect to their TILA and Regulation Z claims and that Plaintiffs have not offered any "factual enhancement." Citi asserts that Plaintiffs have failed to allege any facts establishing that Citi is liable for any TILA or Regulation Z violations allegedly committed by CTX where the Loans were simply transferred to and later modified by Citi. Specifically, Citi asserts that Plaintiffs have not alleged any facts establishing Citi's liability as a creditor or an assignee under TILA. The court agrees that Plaintiffs' allegations are vague and conclusory and will allow Plaintiffs an opportunity to amend the Petition to clarify their claims for damages under TILA and Regulation Z.

Plaintiffs' claims for rescission pursuant to TILA and Regulation Z are subject to a different analysis. When a party requests relief in the form of rescission under TILA, the applicable limitations period is three years. 15 U.S.C. § 1635(f). The United States Supreme Court, in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), stated that "§1635(f) completely extinguishes the right to rescission at the end of the 3-year period." *Id.* at 412. Courts have held that section 1635(f) "mirrors a typical statute of repose in that it 'precludes a right of action after a specified period of time rather than' providing that a cause of action must be brought within a certain period of time after the cause of action accrued." *Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320, 327 (4th Cir. 1998) (quoting *Beach v. GreatWestern Bank*, 692 So.2d 146, 152 (Fla. 1997), *aff'd*, 523 U.S. 410 (1998); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002) (Section 1635(f) represents an "absolute limitation on rescission actions which bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose.") (internal quotation marks and citation omitted)). As Plaintiffs brought their rescission claims more than six years after the consummation of the loan transactions, they are completely barred.

Citi also asserts that Plaintiffs are not entitled to rescind the Loans because they constitute a residential mortgage transaction.  Subsections 1635(a) and (f) provide borrowers and obligors with the right to rescind a loan transaction until three years after consummation of the transaction or the property is sold, whichever occurs first. 15 U.S.C. § 1635(a), (f).  Subsection (e), however, states that the right of rescission in section 1635 "does not apply to . . . a residential mortgage transaction as defined in [§ 1602(w)] of this title . . . ." 15 U.S.C. § 1635(e).  Plaintiffs concede that they are not entitled to rescind the Loans under TILA and Regulation Z because they constitute residential mortgage transactions and the three year statute of limitations has expired.  Plaintiffs also concede that Citi's modification of the Loans cannot serve as the basis for Plaintiffs' rescission claims under TILA and Regulation Z.   Accordingly, Plaintiffs' claims for rescission pursuant to TILA and Regulation Z will be **dismissed with prejudice**.  As previously stated, Plaintiffs may amend their Petition to specify their bases for entitlement to equitable tolling and their right to damages under TILA and Regulation Z.

### B.      Plaintiffs' Claims for Violations of HOEPA

Defendant Citi asserts that the Loans are explicitly excluded from the HOEPA requirements in 15 U.S.C. § 1639(a) because they constitute a "residential mortgage transaction." HOEPA augments TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages.  Section 1639(a) requires creditors to provide disclosures in addition to other disclosures required under 15 USCS §§ 1601 *et seq.*, for those mortgages referred to in section 1602(aa).  Section 1602(aa) defines what constitutes a high rate mortgage under HOEPA but excludes from the definition a "residential mortgage transaction." 15 U.S.C. § 1602(aa) (2009) ("A mortgage referred to in this subsection means a consumer credit transaction that is secured by the

consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan . . . ."). Section 1602(w) defines a "residential mortgage transaction" as: "[A] transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Plaintiffs' Petition states that they "entered into a consumer credit transaction with CTX Mortgage Company, LLC and executed notes, deed of trust, and mortgages on their residence." Pet. ¶ 36.

Plaintiffs assert that there is an exception to this rule and that HOEPA does not apply to second or subordinate residential mortgage transactions. Plaintiffs state that they entered into two mortgages with CTX and that the second mortgage was a high-cost mortgage loan that is subject to HOEPA. Plaintiffs cite as authority *Norton-Griffiths v. Wells Fargo Home Mortg.*, 2011 WL 61609, at *7 (D. Vt. Jan. 4, 2011) (quoting *Nelson v. JPMorgan Chase Bank, N.A.*, 707 F. Supp. 2d 309, 312 (E.D.N.Y. 2009)). In *Norton-Griffiths,* the court defined "residential mortgage transaction" as a transaction in which a mortgage is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling. The court concluded, that for "HOEPA to apply, the high-cost mortgage loan 'must be a second or subordinate residential mortgage[.]'" *Norton-Griffiths*, 2011 WL 61609, at *7. The court in *Norton-Griffiths* did not contemplate the instance where, as in the case *sub judice*, two mortgages were executed simultaneously to finance the acquisition of the home. *Id.* Thus, the court is unpersuaded by Plaintiffs' argument.

Plaintiffs allege in their Petition that a few days before closing, rather than qualifying for the thirty-year fixed rate mortgage that they had initially requested, they were approved for an 80/20

loan; the first mortgage had an adjustable rate starting at 6%, and the second mortgage had a fixed rate of 8.625%.  Pet. ¶¶ 14, 26.  Plaintiffs executed the Loans on the same date to finance the purchase of the Property.  Pet. ¶¶ 13, 36.  Plaintiffs do not dispute that both loans were used for the purchase of the Property.   Accordingly, Plaintiffs' second mortgage constitutes a "residential mortgage transaction" under 15 U.S.C. § 1602(w), regardless of its second lien position, because Plaintiffs used the mortgage to finance their purchase of the Property.  As Plaintiffs' first and second mortgage constitute "residential mortgage transactions," HOEPA is inapplicable.  *See Bolden v. Greenpoint Mortg. Funding, Inc.*, No., 2004 WL 2297086, at *3 (N.D. Tex. October 13, 2004) (dismissing the plaintiff's claim for rescission under Regulation Z because it was undisputed that the first and second mortgages were used to finance the purchase of the home and constituted "residential mortgage transactions"); *see also Lechner v. CitiMortgage*, 2009 WL 2356142, at *5 (N.D. Tex. July 29, 2009) (finding that the loan at issue was a residential loan transaction and was therefore not subject to HOEPA).  Accordingly, the court will **dismiss with prejudice** Plaintiffs' claims under HOEPA.

### C.        Plaintiffs' Claims for Violations of ECOA

Defendants assert that Plaintiffs' claims for violations of ECOA are barred by the statute of limitations.  ECOA has a two-year statute of limitations. 15 U.S.C. § 1691e(f) (West 2009); *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 193 (S.D. Tex. 2007). Plaintiffs did not bring suit until six years after the Loans were executed. Thus, for the reasons previously stated, Plaintiffs' action under ECOA is time-barred absent the applicability of the doctrine of equitable tolling.  Plaintiffs assert that equitable tolling tolls the statute of limitations for ECOA because of Defendants' fraudulent

concealment.  Courts have acknowledged the applicability of equitable tolling in the context of the

ECOA. *See, e.g., Grimes v. Fremont Gen. Corp.,* 785 F. Supp. 2d 269, 294 (S.D.N.Y. 2011)

("Plaintiffs have failed to establish that equitable tolling is justified here. As previously discussed,

for equitable tolling to apply, Plaintiffs must plead that Defendants concealed from Plaintiffs the

existence of their ECOA cause of action."); *see also Ballard v. National City Mortg. Co*, 2005 WL

147075 (E.D.Pa. January 21, 2005) (declining dismissal of the plaintiff's ECOA claim because the

plaintiff argued for the benefit of equitable tolling).  For the reasons previously stated, the court

determines that under the liberal standards of Rule 15,  Plaintiffs may amend their Petition to state

the bases of their entitlement to equitable tolling of  their claims for damages under ECOA.

Citi further asserts that Plaintiffs have failed to allege sufficient facts demonstrating that Citi

is a "creditor" or "assignee" under the statute.  The court agrees.  The court, however, will allow

Plaintiffs an opportunity to amend their Petition to clarify their claims for damages under ECOA.

### D.	Plaintiffs' Claims for Violations of RESPA

Defendant Citi, the only defendant against whom Plaintiffs assert a RESPA claim, contends

that Plaintiffs have failed to state a claim under RESPA because they have not identified any

damages suffered as a result of the alleged RESPA violations.   In order to state a claim for a RESPA

violation in connection with a qualified written request, a plaintiff must allege actual damages

resulting from a violation of § 2605. 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with any

provision of this section shall be liable to the borrower for each such failure in the following

amounts: in the case of any action by an individual, an amount equal to the sum of . . . any actual

damages to the borrower as a result of the failure."); *Collier v. Wells Fargo Home Mtg.*, 2006 WL

1464170, at *10-11 (N.D. Tex. May 26, 2006) ("Plaintiffs have alleged no damages which were

caused by Defendant's failure to respond or inadequate response to the RESPA requests, and thus have failed to sufficiently allege a violation of section 2605(e) of RESPA"). The court agrees that Plaintiffs' allegations are insufficient to state actual damages resulting from a RESPA violation but will allow Plaintiffs to amend their Petition to clarify and set forth their claims for damages under RESPA.

     **E.**    **Plaintiffs' Claims for Fraud and Intentional Misrepresentation**

Plaintiffs assert fraud and misrepresentation claims only against Defendant CTX. The statute of limitations for fraud claims—including statutory fraud—is four years. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(4); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007). An intentional misrepresentation claim is synonymous with fraud. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *see also Rencare, Ltd. v. United Med. Res., Inc.*, 180 S.W.3d 160, 166 (Tex. App.—San Antonio 2005, no pet.) (stating that the elements to prove fraud and intentional misrepresentation are the same). Plaintiffs' fraud and intentional misrepresentation claims all relate to the origination of the Loans. *See* Pet. ¶¶ 84-96. Plaintiffs' Petition asserts that the Loans at issue originated on or about July 14, 2005. Accordingly, the statute of limitations for any fraud or intentional misrepresentation claims against CTX ran, at the latest, on July 15, 2009. Thus, Plaintiffs' claims for fraud and intentional misrepresentation are time-barred. Plaintiffs do not argue that equitable tolling or any other exception applies to these claims. Plaintiffs have provided no response to CTX's motion to dismiss these claims, and the court treats this failure as an acknowledgment by Plaintiffs that the claims are time-barred. Accordingly, the court will **dismiss with prejudice** Plaintiffs' claims for fraud and intentional misrepresentation.

F.        **Plaintiffs' Claims for Breach of Contract**

Plaintiffs assert claims for breach of contract against both Citi and CTX.  CTX asserts that

Plaintiffs claim against it is time-barred.  The statute of limitations on a breach of contract cause of

action is four years, and the breach of contract claim accrues when contract is breached. *See* Tex.

Civ. Prac. & Rem. Code §§ 16.004; 16.051 (residual four-year statute of limitations); *Stine v.*

*Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (statute of limitations for breach of contract is four years

and breach of contract claim accrues when contract is breached).  In their Petition, Plaintiffs state

that Defendants breached the Deed of Trust by failing to provide notice of assignments, failing to

timely respond to qualified written requests and by failing to properly investigate Plaintiffs' dispute

of the debt.  Pet. ¶ 98.  Although the Loans were executed on July 14, 2005, it is unclear from

Plaintiffs' Petition the date on which these alleged contract violations occurred such that the court

can determine whether the limitations period has run.

Although, Defendant CTX asserts that it is no longer the holder of the notes and Deed of

Trust at issue and was not responsible for the alleged violations, the court believes dismissal of

Plaintiffs' breach of contract claim is premature at this point and will allow Plaintiffs an opportunity

to amend their Petition to clarify and set forth the bases of their breach of contract claim against both

defendants.  The amended pleading must likewise address Defendant Citi's argument that Plaintiffs'

breach of contract claim does not identify which defendant allegedly breached the contract, the

provision of the Deed of Trust breached, and the damages suffered as a result of the alleged breach.

Defendants additionally assert that Plaintiffs' claim for breach of contract fails as a matter

of law because Plaintiffs did not tender performance in accordance with the Loans.  Specifically,

Defendants assert that Plaintiffs failed to make payments as required under the Loans.  *See* Pet. ¶¶

30-31. ("Plaintiffs financial [sic] did not improve due to losing their jobs. Plaintiffs failed [sic] behind on their mortgage and received a foreclosure sale notice.")

The elements necessary to sustain a breach of contract action include: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and, (4) damages sustained by the plaintiff as a result of the breach. *Southwell v. University of Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex.App.—San Antonio 1998, pet. denied) (citations omitted). Defendants state that Plaintiffs admit they have not tendered performance under the terms of the deed of trust; consequently, Plaintiffs' own admission that they have defaulted on the Loans renders them unable to pursue a claim for breach of contract. *See Joseph v. PPG Indus. Inc.*, 674 S.W.2d 862, 867 (Tex. App.—Austin 1984, writ ref'd n.r.e.) (holding that "the actual contracting party . . . did not perform his obligation under the agreement and one who has himself broken a contract cannot recover on it") (citations omitted).

Plaintiffs argue that their failure to pay was an immaterial breach. Whether a party's breach of contract is so material as to render the contract unenforceable is typically a question of fact to be determined by the trier of fact. *Continental Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 394 (Tex. App.—Texarkana 2003, pet. denied); *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 & n.2 (Tex. 1994). At this stage of the proceedings, the court must determine whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.*, 313 F.3d at 312. The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. Defendants' motions require the court to determine the materiality of Plaintiffs' breach. Thus, dismissal on the basis of nonperformance is premature at this point.

**Memorandum Opinion and Order – Page 15**

### G.        Plaintiffs' Claims for Predatory Lending

Defendant Citi argues that Plaintiffs' claim for "predatory lending' should be dismissed as a matter of law because it is not a recognized cause of action in Texas.  The court agrees.  Other courts have held that a claim for predatory lending is not a recognized cause of action in Texas.  *See Belanger v. BAC Home Loans Servicing*, L.P., 839 F. Supp. 2d 873, 876 (Plaintiff's "first claim—predatory lending—can be dismissed with dispatch. No Texas court has recognized an independent cause of action for 'predatory lending.'") (citing  *Brown v. Aurora Loan Servs.*, 2011 WL 2783992, at *4 (E.D. Tex. June 7, 2011); *Smith v. National City Mortgage*, 2010 WL 3338537, at *13 (W.D. Tex. Aug. 23, 2010).  Moreover, Plaintiffs have not specified a constitutional provision or statute that Defendants have violated by their alleged predatory lending and have not cited  any Texas authority recognizing such a cause of action.   Accordingly, the court determines that Plaintiffs' claim for "predatory lending" is not a legally cognizable claim, and should be **dismissed with prejudice**.

## V.     Conclusion

For the reasons herein stated, the court **grants in part** and **denies in part** Defendant CTX Mortgage Company, LLC's Motion to Dismiss and Defendant CitiMortgage, Inc.'s Motion to Dismiss.  The court **dismisses with prejudice** Plaintiffs' claims for rescission pursuant to TILA and Regulation Z; Plaintiffs' claims under HOEPA; Plaintiffs' claims for fraud and intentional misrepresentation; and Plaintiffs' claims for predatory lending.  Plaintiffs may amend their pleadings to clarify and set forth the bases of the equitable tolling of their claims for damages under TILA, Regulation Z, and ECOA; to clarify and set forth the bases of their claims for damages under ECOA and RESPA; and to clarify the bases of their claims for breach of contract.  The court does not allow

amendment on those claims that have been dismissed with prejudice because amendment of such claims would be futile.  Accordingly, Plaintiffs shall file their amended pleading (Complaint) **by August 27, 2012**.

       **It is so ordered** this 20th day of August, 2012.


                                             Sam A. Lindsay
                                             United States District Judge